IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JOE PEREZ, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-2400-L** |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   Introduction and Background**

Before the court is Plaintiff's Motion to Remand (Doc. 5), filed September 7, 2016. On October 13, 2016, the court referred Plaintiff's Motion to Remand to the Honorable United States Magistrate Judge David L. Horan for findings and recommendations for disposition of the motion. On October 27, 2016, Magistrate Judge Horan issued the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"). The Report concludes that Plaintiff's Motion to Remand should be granted because the amount-in-controversy requirement has not been met and the court lacks subject matter jurisdiction to hear this action.

Defendant Allstate Texas Lloyd's ("Defendant" or "Allstate") objected to the Report. To ensure that the substance is not lost, the court sets forth a summary of the objection as stated by Allstate:

> Allstate respectfully files its objections to the Magistrate's Recommendation because it is based on the incorrect presumption that the amount-in-controversy in this matter is controlled by Plaintiff's improper Rule 47 statement in his Original Petition. Allstate also objects to the Magistrate's Recommendation because it requires Allstate to pay attorney's fees to Plaintiff for an argument it did not make. Specifically, the Recommendation concludes that Allstate insisted that Plaintiff's Policy limits dictate the amount-in-controversy in this case, and[,]

**Memorandum Opinion and Order – Page 1**

therefore, Allstate did not have an objectively reasonable ground to remove this action. Allstate did not make this argument. Rather, Allstate alleged, consistent with the Fifth Circuit case law, that Policy limits and Plaintiff's pleaded damages should be considered when ascertaining the amount-in-controversy in removal proceedings.

Def.'s Objs. to Report 1. For the reasons that follow, the court determines that Allstate fails to show by a preponderance of evidence that the amount in controversy exceeds $75,000, and the court, therefore, lacks subject matter jurisdiction to hear this action.

Joe Perez ("Plaintiff" or "Perez") originally filed this action against Allstate on May 9, 2016, in the 95th Judicial District Court of Dallas County, Texas. Perez sustained losses to his dwelling (home) and his personal property as a result of windstorm, hailstorm, and water damage to his property. Perez contends that Allstate failed to compensate him fully for the damage to his home and personal property in accordance with his Insurance Policy ("Policy") with Allstate. Pl.'s Original Pet. 3-4.

Perez asserts claims for breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. He seeks actual and special damages as follows:

> past, present, and future cost of repair to Plaintiff's home, any investigative and engineering fees incurred in the claim, cost of mitigation, reliance damages, restitution damages, and costs of alternative housing while repairs are occurring. The Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. The Plaintiff is also entitled to recover the amount of Plaintiff's claim plus 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus pre-judgment and post judgment interest and attorney's fees.

Pl.'s Original Pet. 13-14.

Allstate removed the state court action to federal court on August 17, 2016, contending that complete diversity of citizenship exists between the parties and that the amount in controversy

exceeds $75,000, exclusive of interest and costs. Perez disagrees and contends that Allstate has not established that the amount in controversy exceeds $75,000 and seeks a remand of this action to state court.

## II. Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

**Memorandum Opinion and Order – Page 3**

defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

The record establishes that diversity of citizenship exists between the parties. As diversity of citizenship exists between the parties, the court, therefore, focuses solely on whether Allstate has established that more likely than not the amount in controversy exceeds $75,000. For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially

**Memorandum Opinion and Order – Page 4**

apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional threshold]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13.

As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is

**Memorandum Opinion and Order – Page 5**

removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### III. Discussion

#### A. Plaintiff's Statement Regarding Texas Rule of Civil Procedure 47

Plaintiff relies in part on Texas Rule of Civil Procedure 47 to support the remand of this action. The rule provides:

> An original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim, shall contain:
>
> (a) a short statement of the cause of action sufficient to give fair notice of the claim involved;
> (b) a statement that the damages sought are within the jurisdictional limits of the court;
> (c) a statement that the party seeks:
> (1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or
> (2) monetary relief of $100,000 or less and non-monetary relief; or
> (3) monetary relief over $100,000 but not more than $500,000; or
> (4) monetary relief over $500,000 but not more than $1,000,000; or
> (5) monetary relief over $1,000,000; and
> (d) a demand for judgment for all the other relief to which the party deems himself entitled.
>
> Relief in the alternative or of several different types may be demanded; provided, further, that upon special exception the court shall require the pleader to amend so as to specify the maximum amount claimed. A party that fails to comply with (c) may not conduct discovery until the party's pleading is amended to comply.

Tex. R. Civ. P. 47. This rule does not support the remand of Plaintiff's case.

**Memorandum Opinion and Order – Page 6**

In Plaintiff's Original Petition ("Petition"), Perez asserts, "[t]he amount in controversy and damages sought are within the jurisdiction of this Court. Plaintiff seeks monetary relief of $75,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment and post-judgment interest and attorneys' fees." Pl.'s Original Pet. 3, § IV. Apparently, Plaintiff believes that this rule provides him a means to avoid federal jurisdiction, yet the plain language of the rule has no provision for a plaintiff limiting his damages to $75,000 or less. Had Plaintiff properly followed Rule 47, he would not have included the "$75,000 or less" language, as the rule is quite specific as to what a party must set forth with respect to the monetary relief he or she seeks. For these reasons, Perez's reliance on Rule 47 is misplaced, and it may not serve as a basis for remand. Had Plaintiff properly followed the rule, his pleading would have fallen into the category set forth in Rule 47(c)(1), as this is the only part of the rule that applies to the damages he seeks. Plaintiff did not comply with Rule 47, and the court disregards the language that he seeks damages of "$75,000 or less." In spite of Plaintiff's gamesmanship, he, nevertheless, is entitled to a remand for the reasons later discussed.

### B. Plaintiff's Stipulation of Damages

Perez filed a stipulation of damages on September 2, 2016, in which he stipulated to the following: "The total damages sought by Plaintiff, Joe Perez, against Defendant Allstate Texas Lloyds for all elements of damage does not exceed the sum of $75,000.00, including exemplary and punitive damages, penalties, and attorneys' fees, but exclusive of interest and costs." Pl.'s Stip. of Damages 1. Perez further stipulated that he would "not seek or accept any damages, recovery and/or award that may be rendered in [this] matter in excess of $75,000.00 as described in Paragraph 1 of this Stipulation." *Id*. He also renounces any judgment greater than $75,000. *Id*.

In a removal case, "once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the district court of diversity jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citations omitted). Post-removal affidavits, amendments, or stipulations may be considered by the district court in determining the amount in controversy "if the basis for jurisdiction is ambiguous at the time of removal." *Id.* (citation omitted). On the other hand, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* (citation omitted).

Contrary to Allstate's contention, the court may consider the stipulation in determining the amount in controversy because it is not facially apparent from Perez's pleadings that the jurisdiction threshold has been satisfied. This is so in part because Perez is not specific regarding any of the categories of damages he seeks, although he sues under several theories. Further, Plaintiff contends that he has been underpaid by Allstate, that is, Allstate did not pay him all to which he is entitled under his Policy with Allstate. While the court agrees that consideration of the Policy limits in conjunction with Plaintiff's allegations could be helpful in determining the amount in controversy, they are not helpful *in this case* for the reasons later mentioned by the court.

As it is not facially apparent that the amount in controversy exceeds $75,000, the court may consider the stipulation in determining whether the jurisdictional threshold has been met; however, even if the court does not consider the stipulation, Allstate has not shown that it is more likely than not that the amount in controversy exceeds $75,000. The court now states why Allstate has not met its burden, even if it were to disregard the stipulation of damages filed by Perez.

**Memorandum Opinion and Order – Page 8**

## C. Defendant's Evidence to Establish the Amount in Controversy

Allstate contends that Plaintiff's Petition establishes that it is facially apparent that Perez seeks damages in excess of $75,000 and that it has affirmatively established by a preponderance of evidence that the amount in controversy exceeds $75,000. The court disagrees. Plaintiff's Petition and the Policy limits are insufficient to show *in this case* that the amount in controversy exceeds $75,000. What Allstate presents to the court is essentially argument, conjecture, and conclusory statements.

While Plaintiff's Petition alleges several theories of recovery and seeks recovery of several categories of damages, there is nothing in the Petition that remotely quantifies the amount of loss or damages that Plaintiff has suffered. In other words, there is no point of reference or starting point that serves as a base on which the court can build and make reasonable inferences to conclude that the amount Plaintiff seeks is greater than $75,000.

Moreover, Perez's lawsuit is one in which he makes clear that Allstate has not paid him all to which he is entitled under the Policy. The only logical and reasonable inference is that whatever amount Allstate has heretofore paid Perez is not part of his claim for damages in this action; however, whatever has been paid would count toward the Policy limits. If this were a case in which Plaintiff contends that Allstate had not paid him anything, the court would be inclined to agree that the amount-in-controversy requirement has been met, but the lack of any quantification of damages and the amount by which Plaintiff has been underpaid are the "flies in the ointment" that prevent the court from concluding that the amount in controversy more likely than not exceeds $75,000. The court acknowledges that the number of claims asserted by Plaintiff and the categories of damages sought by him, *could* well exceed $75,000; however, "*could*" in this context indicates or refers to a "*possibility*," whereas the "more likely than not standard" means

**Memorandum Opinion and Order – Page 9**

"probability." Admittedly, this is a close call, but in the final analysis, the court cannot conclude that Defendant has moved beyond a strong "possibility" that the amount in controversy exceeds $75,000 to a "probability" that the jurisdictional threshold has been met. To conclude otherwise requires the court "to dip into the briar patch of guesswork." *Staton v. Wells Fargo Bank, N.A.*, 192 F. Supp. 2d 681, 684 (N.D. Tex. 2002). The court declines to engage in such guesswork.

### D. Attorney's Fees and Costs

The Report recommends that Plaintiff be awarded, pursuant to 28 U.S.C. § 1447(c), reasonable attorney's fees and costs incurred for obtaining a remand of this action to state court. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

Allstate objects to the Report and contends that it had objectively reasonable grounds to remove this action. The court agrees. The court previously stated that whether Allstate had met its burden regarding the amount in controversy was a "close call." Based on the totality of the circumstances, namely, the claims asserted and the relief sought and available to Plaintiff, the court

**Memorandum Opinion and Order – Page 10**

understands why Allstate would have objectively reasonable grounds to believe that the amount in controversy could exceed $75,000. That the court ultimately remands a case does not mean that the removing party lacked an objectively reasonable basis for removal. In a close case such as this one, the court concludes that an award of attorney's fees and costs is not warranted.

## IV. Conclusion

For the reasons herein stated, the court **concludes**, after conducting a de novo review of those portions of the Report to which Allstate objected, that Allstate failed to carry its burden and establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, the court **overrules** Allstate's objection regarding the amount in controversy. The court **lacks** subject matter jurisdiction to entertain this action and **remands** it to the 95th Judicial District Court of Dallas County, Texas, from where it was removed. The court **directs** the clerk of court to effect the remand in accordance with the usual procedure. The court **sustains** Allstate's objection to that part of the Report that recommends it pay Perez's reasonable attorney's fees. As the court ruled that an objectively reasonable basis existed to remove this action, Perez is not entitled to recover his attorney's fees and costs, and no attorney's fees and costs are awarded.

**It is so ordered** this 28th day of April, 2017.

*[signature: Sam A. Lindsay]*
Sam A. Lindsay
United States District Judge